## Case No. 17,186.

### WARNER v. PENNSYLVANIA R. CO.

[13 Blatchf. 231.] [1]

Circuit Court, S. D. New York. Jan. 7, 1876.

REMOVAL OF CAUSES—CASES NOT WITHIN ORIGINAL JURISDICTION—TIME OF REMOVAL.

1. A suit in a state court, which falls within the description of suits removable into this court, may be removed, although it could not originally have been brought in this court.

[Cited in Erwin v. Walsh, 27 Fed. 580.]

2. That principle is not changed by the provision of section 5 of the act of March 3, 1875 (18 Stat. 472), which provides for the dismissal or remanding by this court of suits not really and substantially involving a dispute or controversy within the jurisdiction of this court.

3. Under section 3 of said act of 1875, which provides that a suit cannot be removed unless the application for removal is made before or at the term at which the cause could be first tried, if the term at which the cause could otherwise be first tried is one which occurs during the time a trial of the cause is stayed by an order of the state court, it is not such a term as is meant by the statute.

[Cited in Wheeler v. Liverpool, London & Globe Ins. Co., 8 Fed. 198; Dwight v. Central V. R. Co., 9 Fed. 792.]

[Cited in First Nat. Bank of Wausau v. Conway, 67 Wis. 218, 30 N. W. 218.]

[This was a suit by Charles P. Warner against the Pennsylvania Railroad Company. Heard on a motion to remand the case to the state court.]

Dennis McMahon, for plaintiff.
Charles F. Sanford, for defendants.

JOHNSON, Circuit Judge. The plaintiff applies to have this cause remanded to the state court, upon the ground that this court has no jurisdiction, the defendant being a corporation created under the laws of Pennsylvania, and, therefore, not an inhabitant of this district, nor capable of being found therein, within the meaning of section 1 of the act of March 3, 1875 (18 Stat. 470). But, this view assumes that the jurisdiction of the court in respect to causes removed is limited in the same way, in respect to inhabitancy and being found in the district, as it is in respect to suits originally brought in the court. It was, however, well settled, previous to the act of 1875, above referred to, that these restrictions upon the jurisdiction, in respect to suits originally brought in the court, did not apply to suits otherwise capable of being removed; and that a suit in a state court, which fell within the description of removable causes, might be removed, although it could not originally have been brought in the circuit court. Barney v. Globe Bank [Case No. 1,031]; Sayles v. Northwestern Ins. Co. [Id. 12,421]. It is now urged, that section 5 of the same act has introduced a different rule. That section provides, that, if a suit commenced in a circuit court, or removed there from a state court, afterwards appears not to involve really and substantially a dispute or controversy within the jurisdiction of said circuit court, or that the parties to the suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under the act, the court shall dismiss it, or remand it to the state court. All that is necessary to bring the case really and substantially within the jurisdiction is, that it involves a controversy of the character, either as to the subject-matter or the parties, specified in either the section which defines the jurisdiction by original suit, or that which authorizes removal and the acquisition of jurisdiction in that manner.

In this case, the controversy is between citizens of different states, and was pending in the state court within this district. It is true, that the defendant could not have been originally proceeded against in this court; but it has, upon its own motion, come into this court, and has thus placed itself in a position where it could not question its jurisdiction, even if it desired to do so. Bushnell v. Kennedy, 9 Wall. [76 U. S.] 387, 393, 394. It comes here, not as originally subject to the compulsory jurisdiction of this court, but as entitled to the privilege of a resort to its authority, under the statute referred to.

Another point is suggested as ground for the motion, and that is, that the application to remove was made too late. It was decided in Merchants' & Manufacturers' Bank v. Wheeler [Case No. 9,439], that the phrase of section 3 of the act of March 3d, 1875, fixing the time when the application to remove must be made, "the term at which said cause could be first tried," must be construed to mean a term after the law mentioned took effect. In this case, therefore, such a term was one occurring after the 3d of March, 1875. At that time, it appears by the record that a stay of proceedings in the cause existed, upon an order requiring the plaintiff to file security for costs, which had been granted before the act in question became a law. On the 30th of March, in an order for a commission for the examination of witnesses, the trial of the cause was stayed until the return of the commission. This stay continued until after the petition for removal was presented. The question, therefore, in this regard, is, whether, where a trial is stayed by order of the court, a term occurring during such stay can be said to be, within the meaning of the statute, a term at which the trial could be had. When no legal obstacle to a trial exists at a particular term, it may be said that the trial could be had at that term, although, in point of fact, the state of the business of the term may satisfy the court that the particular cause will not be called for trial. But, if a legal obstacle exists to a trial at a particular term, it is difficult to see in what just sense it can be said that the trial could be had at that term. The general purpose of the statute is to require diligence in

---

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

making the application to remove. It must be made before the trial, and before or at the earliest term at which a trial could be had. But, if, by reason of a stay of proceedings, or for any other cause, the case could not be brought to trial at a particular term, even if it were the only case pending, then that is not such a term as is described in the statute. The application to remove, in this case, was, therefore, made in time, having been made before or at the term at which the cause could be first tried, occurring after the passage of the statute.

The motion to remand must be denied.