McCULLOUGH (GUION v.). See Case No. 5,863.

McCULLOUGH (JOHNSON v.). See Case No. 7,401.

McCULLOUGH (PIATT v.). See Case No. 11,113.

McCULLOUGH (PICKERING v.). See Case No. 11,121.

## Case No. 8,741.

### McCULLOUGH v. STERLING SCHOOL FURNITURE CO.

[4 Dill. 563.] [1]

Circuit Court, D. Iowa. 1877.

REMOVAL OF CAUSES — ACT MARCH 3, 1875—TIME WHEN APPLICATION MUST BE MADE.

1. An action at law in the state court was commenced by attachment, but no process was issued or served. At the next term the defendant, by consent, entered an appearance, and, by consent, also, the cause was continued, and leave given to the defendant until the second day of the next term, to answer; all of which was contained in the same journal entry. The Code of Iowa, provides that such actions "shall be tried at the first term after legal and timely service." Section 2744. At the term to which the cause was thus continued, a petition, under the act of March 3, 1875 [18 Stat. 470], for the removal of the cause to the circuit court of the United States was filed: Held, under the circumstances, that the application for the removal was in time.

[Cited in Wheeler v. Liverpool, London & Globe Ins. Co., 8 Fed. 198.]

2. If the entry of an appearance by the defendant had been general and unconditional, and at a term prior to the order for continuance, a different question would have been presented.

On motion to remand. The defendant, an Illinois corporation, removed this cause to this court under the act of March 3, 1875, the plaintiff being a citizen of Iowa. The plaintiff moves to remand the suit because the petition for the removal was not made and filed in time. The suit in the state court, which was an action at law, was commenced by attachment in December, 1876. No original notice (which, under the Iowa statute, takes the place of a writ of summons) was issued or served on the defendant. The next term of the state court was in January, 1877. At that term the defendant, by consent, entered an appearance, and at the same time, and likewise by consent, the cause was continued, and leave given to the defendant until the second day of the next term, to answer. The defendant's appearance, the continuance, and the order to answer at the next term, were contemporaneous, and are contained in the same journal entry. At

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

the next term the defendant filed an answer and counter-claim; the plaintiff demurred thereto, which was not disposed of, and the plaintiff amended his petition; and thereupon, on the next day, and at the same term, the defendant filed its petition and bond in due form, to remove the cause to this court, and the removal thereof was ordered.

Mr. Blake, for the motion.
Mr. Tracy, contra.

Before DILLON, Circuit Judge, and LOVE, District Judge.

DILLON, Circuit Judge. The mode of making and the effect of an appearance by the defendant in an action, are regulated by the Code of Iowa of 1873 (section 2626). This was an action at law, and the Code (section 2744) provides that such an action "shall be tried at the first term after legal and timely service has been made." This case was not triable at the January term, 1877, because process had not been served. The defendant may, however, enter a voluntary appearance, and such an appearance, if absolute and unconditional, has the same effect as to the power and jurisdiction of the court to proceed with the cause and the trial thereof, unless it shall order otherwise, as if original process had been served in time. But, as we construe the record of the state court, the appearance in this case was not general and unconditional, but it was the result of an agreement with the plaintiff's counsel to this effect: The defendant said to the plaintiff, "I will enter an appearance now, and thus save the expense of issuing and serving process, if you will consent that the cause shall go over to the next term, and that the answer shall be then filed;" to which the plaintiff agreed. Accordingly, the record of the state court shows that the defendant's appearance and the continuance of the cause were made at the same time and embodied in the same entry, which states that this was by consent of the parties. If the entry of appearance had been general, and at a prior time to the order for continuance, a different question would be presented. It is to be observed that, as the plaintiff had not served the defendant with process, he could not have forced the defendant to a trial, and the cause could not have been tried at the January term, except by the act or consent of the defendant, and the defendant did no act, and gave no consent, which made it legally possible to have tried the suit at that term. The action could not have been tried until the succeeding term, and at that term, and before the issues were finally completed, the application for the removal was made. Under these circumstances, it is our judgment that removal was in time. Motion denied.

As to time for the removal of suits, in Iowa, under the act of March 3, 1875, see Atlee v. Potter [Case No. 636]; Palmer v. Call [Id. 10,686].