## Case No. 10,686.

PALMER v. CALL.

[4 Dill. 566, 1 11 West. Jur. 696.]

Circuit Court, D. Iowa. 1877.

REMOVAL OF CAUSES — ACT MARCH 3, 1875—TIME WHEN APPLICATION FOR REMOVAL OF EQUITY SUITS MUST BE MADE.

1. Under the Code of Iowa, equity suits are not triable at the appearance term, and such suits may. under the act of March 3, 1875, § 3 [18 Stat. 471]. be removed to the circuit court of the United States at the second term.

[Cited in Wheeler v. Liverpool, London & Globe Ins. Co.. 8 Fed. 198.]

---

1 [Reported by Hon. John F. Dillon. Circuit Judge, and here reprinted by permission.]

2. Under that Code, the same rule as to the time of removal applies to suits to foreclose mortgages. at least when there is no rule of court requiring such suits to be tried at the appearance term.

On motion by plaintiff [Henry L. Palmer] to remand cause to the state court. This is a bill to foreclose a mortgage. The suit was brought in the state court. and at the return term. in February, 1877, the defendant [Asa C. Call] filed "an answer, and, by consent of parties, the plaintiff has until July 7, 1877, to answer the interrogatories in the answer and to reply, and, by consent, the cause is continued." At the next term the defendant filed his petition and bond in due form, under the act of March 3, 1875, to remove the cause to this court—the plaintiff being a citizen of New Jersey. and the defendant a citizen of Iowa. The removal was ordered. The plaintiff moves to remand the cause, on the ground that the application for the removal was made too late.

J. D. Springer, for the motion.

George E. Clarke and Charles A. Clarke. contra.

Before DILLON, Circuit Judge, and LOVE, District Judge.

DILLON, Circuit Judge. The act of congress of March 3, 1875. in respect of the removal of causes to this court from the courts of the states, provides that the application for the transfer shall be made "before or at the term at which the said cause could be first tried, and before the trial thereof." Section 3. The act extends equally to actions at law and suits in equity.

The Code of Iowa of 1873 provides when actions at law and suits in equity shall be triable. Sections 2740-2745. Law actions "shall be tried at the first term after legal and timely service of process has been made." Id. § 2744. The next section (2745) enacts that "the appearance term shall not be the trial term for equitable actions. except those brought for divorce, to foreclose mortgages," etc.

A previous section (2742) provides a mode of trying "equitable actions other than actions to foreclose mortgages, for divorce," etc., upon written evidence, if any party shall at any time during the appearance term move therefor. If no such motion is made, equitable actions, with the exceptions stated in the statute, may be tried at the next term, upon oral evidence taken in open court and upon depositions taken as in law actions. McClay v. Bunkers, 46 Iowa, 700. If tried in the latter mode, the provision of the Code is that the case goes on appeal to the supreme court as upon "legal errors duly presented." If tried in the former method. all the evidence goes to the supreme court, and the cause is there heard de novo.

The constitution of the state (article 5, § 4) gives the supreme court appellate jurisdiction

only in chancery, and makes it a court for the correction of errors in actions at law. It was one of the objects of the different codes of the state of Iowa, from the Code of 1851 to the Code of 1873, to assimilate, as far as the constitution would permit, the mode of pleading, procedure, and trial in actions at law and suits in equity. The constitutional provision did not allow the distinction betweeen law and equity to be entirely abrogated, and the complicated provisions in the Code of 1873 (sections 2740–2745), as to the modes of trial of law and equity suits, were devised to produce uniformity as far as it was supposed it was competent to do it. It was attempted to assimilate suits to foreclose mortgages, for divorce, etc., as to mode of trial and mode of review on appeal, to actions at law. Id. §§ 2741–2743. The supreme court of the state has held that section 2742, as far as it attempts to provide that suits essentially of equitable cognizance shall at all events be heard in the supreme court on legal errors instead of de novo, is in conflict with the constitution. Sherwood v. Sherwood, 44 Iowa, 192. It admits of doubt whether, under the constitution of Iowa, the legislature has the power to authorize the supreme court to hear chancery causes, on legal errors, as in law cases, or otherwise, than on appeal proper, that is, de novo on the proofs taken in the court below.

Suits to foreclose mortgages are in the nature of equitable cognizance (Code Iowa, §§ 2509, 3319), and the practical, if not the necessary, effect of the decision in Sherwood v. Sherwood, will be to assimilate the mode of trial, or hearing, in mortgage foreclosures, to the mode of trying or hearing other equitable suits. Until the supreme court of the state shall decide that the plaintiff in a foreclosure bill can compel the issues to be made up and the defendant be forced to a final hearing at the first term, or the nisi prius courts shall so provide by rule, we shall hold, as respects the time for applying for a removal, that the appearance term is not the trial term in such a case, any more than it is in other equitable suits. Id. § 2745. The provision of this last section is that equitable actions generally shall not be tried at the appearance term. The object of this provision was, doubtless, that time should be given, if any party to the suit so elected, to take the proofs in writing. Another section of the Code provides that "no party shall be required to take depositions when the court is in actual session." Code, § 3730. The statute attempted to make an exception as to foreclosure suits, and to assimilate such suits to law actions as respects the mode and time of trial, proofs, and appeal. The legislature cannot, as we understand the opinion of the supreme court, constitutionally provide for a mode of trial in equity causes which shall absolutely deprive the parties of the right to have all the proofs taken in writing, so that on appeal a hearing may be had de novo. There is, therefore, no

reason why, in a contested foreclosure case, the parties should not have the same time or opportunity to prepare for trial that is given in other equity causes. Undoubtedly, it is competent for the legislature to provide that foreclosure suits shall be tried at the first term; but the provisions by which this has been attempted having, as to manner of final hearing on appeal, been held to be in conflict with the constitution, it would seem to us to be a reasonable, if not necessary, result of this, that if issues of fact are raised in a foreclosure case, they do not stand for trial at the appearance term, unless by consent, or, possibly, by virtue of a rule of court to that effect. "The exception found in section 2742, which forbids parties to divorce and other chancery actions, claiming a trial upon written evidence, must be regarded as of no effect." Per Beck, J., in Sherwood v. Sherwood. The constitutional right in a chancery cause to a hearing anew on appeal, appears to us necessarily to involve the right of either party, unless he waives it, to have the proofs taken in writing, or, if taken orally, to be reduced to writing on the hearing. In this respect foreclosure suits stand on the same footing as other chancery causes. It may be that section 2742 can have effect, so far as that the right to thus have the testimony taken in writing may be waived by not making the election at the first term to have it so taken, but in the absence of a rule of court, either party has the whole of the first term to exercise this election, and his failure to exercise it does not make the cause one which is triable at that term.

Such, at least, would seem to be the case where there is no rule of court to the contrary. It was manifestly the intention of the legislature to provide that where a cause was triable de novo on appeal, the appearance term should not be the trial term; but where, as in divorce and mortgage foreclosure suits, it provided that there should not be a trial de novo on appeal, then, as in law actions proper, the intention was that the first term should be the trial term. But, as in these latter classes of suits the constitution gives the right to a trial de novo on appeal, unless it is waived, we feel justified in holding, in the absence of a rule of court to the contrary, that the first term is not the trial term in equity suits where an issue of fact is made which requires the production of evidence. By the spirit, if not the letter, of the statute, either party has the whole term in which to make his election to have the testimony in writing (section 2742), a right which is inconsistent with the proposition that the first term is the trial term, and a right which appertains, under the constitution, to foreclosure causes the same as to other equity causes, unless it is waived (if it is competent to waive it), by a failure to insist upon it at the appearance term.

There is some difficulty in construing and literally appplying all the provisions of the

Code on this subject, in consequence of the unconstitutionality, in part at least, of those provisions which relate to the mode of hearing on appeal, and possibly as to the mode of proof; but the conclusion we have reached gives a definite rule as to the time for the removal of all equity suits under the act of 1875, and has the merit and advantage of certainty and uniformity.

As an answer was filed at the appearance term and the cause continued by consent before the issues were completed, we hold that it was not too late to apply to remove the cause at the next term, no rule of the state court appearing which requires such causes to be tried at the first term.   Motion denied.

[NOTE.   Subsequently there was a decree in favor of the complainant.   7 Fed. 737.   From this decree an appeal was taken to the supreme court, where a motion was made to advance the case on the docket.   Motion denied.   106 U. S. 39, 1 Sup. Ct. 2.   The decree of the circuit court was subsequently affirmed.   116 U. S. 98, 6 Sup. Ct. 301.]
As to the time in which application must be made to remove actions at law in Iowa, under the act of March 3, 1875, see Atlee v. Potter [Case No. 636]; McCullough v. Sterling Furniture Co. [Id. 8,741].