## Case No. 6,909.

### HUNTER et al. v. ROYAL CANADIAN INS. CO.

[3 Hughes, 234; 7 Reporter, 37;[1] 2 Va. Law J. 695.]

Circuit Court, E. D. Virginia. Nov. 8, 1878.

REMOVAL— TIME FOR FILING OF PETITION—ISSUE.

The mere fact that a cause is ready at a term of a state court for the ex parte execution of a writ of inquiry by the plaintiff after an office judgment, is not equivalent to its being ready for trial on issues joined in the sense of section 3 of the act of congress of March 3, 1875. [18 Stat. 471], relating to the removal of causes, which requires a petition for removal to be filed at the term at which the cause "could be first tried."

[Cited in Chester v. Wellford, Case No. 2,662; Wheeler v. Liverpool, L. & G. Ins. Co., 8 Fed. 198.]

[At law. Suit by Hunter & Tilley against the Royal Canadian Insurance Company.]

W. H. Burroughs, Esq., for plaintiff.
W. H. White, Esq., for defendant.

HUGHES, District Judge. This is an action of covenant on a policy of insurance against fire. The defendant is an alien, resident in Montreal, Canada. Process was sued out of the clerk's office of the corporation court of the city of Norfolk on the 3d January, 1878. Service of it was acknowledged by W. H. White, attorney-at-law, as attorney for the defendant, on the 4th of the same month, in pursuance of Code, c. 36, § 20, p. 336, and under protest. The declaration was filed at the succeeding January rules, commencing on the 7th day of the month; and a common order was then entered against defendant, who was required to appear and plead to issue at the next rule, which began on the 28th January, 1878. At these rules, the office judgment was confirmed, and an inquiry of plaintiff's damages ordered at the then next term. That term began on Monday, the 4th of February, 1878. The defendant made no appearance, and the court ex mero motu entered this order—viz., "For reasons appearing to the court, it is ordered that this cause be continued to the next term." The next term began on the 6th May, 1878. During this term, the defendant appeared by counsel, and made and filed its petition for a removal of the cause into this court. The corporation court of Norfolk refused to grant the motion. 1st. Because the defendant company was, under Virginia legislation, in the judge's opinion, a citizen of Virginia, and, therefore, not entitled to the rights of a non-resident alien; and 2d. Because, in the judge's opinion, the February term of that court was the one at which the cause (in the language of the act of congress of March 3d, 1875, relating to the removal of causes) "could have been first tried." Thereupon the defendant sued out of this court a writ of certiorari to the corporation court of Norfolk, under which the case and the record of it from the state court (or a copy of it) are here. The reasons which actuated the corporation court of Norfolk in refusing the motion of the defendant to remove, are not conclusive with this court. The 5th section of the act of congress of March 3d, 1875, relating to the removal of causes, confers upon this court jurisdiction to determine whether a cause be or be not properly removed; and the 3d section of the same act forbids the state court, after petition is filed, to proceed any further in the suit, whatever may be its opinion on the sufficiency of the petition, and makes all proceedings there, after petition for removal made and filed, null and void; unless, indeed, and until the cause shall be remanded again to that court, after it has been brought by removal here.

It is for this court to determine whether the cause is properly here. And in determining this point in this cause, the only question seems to be, whether the February term of the corporation court of Norfolk was in fact the one at which "the cause could have been first tried?" For I do not think it can be seriously required of a court of the United States, which is a great power, having obligations towards and relations with foreign powers, founded upon treaties and the principles of international law, to hold with any state court, however authoritative, that the citizen of a foreign country, having rights under treaty and the law of nations, is or can be made, by any local law passed in invidiam, a resident citizen of this state, having no rights except in that quasi character, which character, it is natural to suppose, he denies and rejects. I can't obtain my consent to give any serious consideration to such a pretension, and will confine myself to the single inquiry, whether the February term of the corporation court of Norfolk was the one at which this cause "could have been first tried there?"

In the particular case at bar, an office judgment by default was entered against an alien defendant, resident a thousand miles distant, upon whom no personal service had been made, twenty-one days after the filing of the declaration at rules, and twenty-four days after service of process upon an agent in Norfolk, who became agent by courtesy. It was a case in which an inquiry of damages was necessary, and does not fall within the provisions of section 45, c. 167, pp. 1095, 1096, of the Code; but it falls within the next following section, 46, which is in these words: "If a defendant, against whom judgment is entered in the office, before it becomes final, appear and plead to issue, it shall be set aside, unless an order for inquiry of damages has been executed; in which case it shall not be set aside without good cause. Any such issue may be tried at the

[1] [Reported by Hon. Robert W. Hughes. District Judge, and here reprinted by permission. 7 Reporter, 37, contains only a partial report.]

same term, unless the defendant show good cause for a continuance." Section 1, c. 173, p. 1117, of the Code, provides how a docket of all cases shall be made up for any term, and requires the docket to be called, and the cases to be tried or disposed of by the court, at the term, in a certain order.

The corporation court, in the present case, at its February term, of its own motion, "disposed of" it by continuing it, before the execution of the writ of inquiry. The judgment taken in the office could not have become final, except after execution of a writ of inquiry of damages. This writ was not executed, and it could not have been executed, that is to say, the cause could not have been tried, if the defendant had appeared and pleaded to issue, and shown cause for a continuance. Evidently, it was because the cause was not ready for trial, that the court ex mero motu "disposed of" it by a continuance. It was incompetent, as it was impossible, for the court, at that term, to determine whether the cause could have been tried, until after the defendant had appeared, pleaded to issue, and shown cause for a continuance. It is clear to me that the cause was not ready for trial at the February term of the court. The defendant had not appeared, had not pleaded to issue, and had not shown cause for continuance; all of which privileges the law gave him, and on the exercise of which depended the possibility of a trial. The plaintiff did not put the cause in motion by moving for an inquiry of damages, and did not thereby compel the defendant to appear, plead to issue, and by motion for a continuance, test the question of a possible trial at that term of the court. The plaintiff's power to execute a writ of inquiry which is subject to the statutory right of a defendant to appear, plead, and move for a continuance, does not suffice, of itself, to bring the case within the meaning of the words of the act of congress defining the term of the court at which a "cause could be first tried." His right to execute a writ of inquiry at the first term after an office judgment has been confirmed at rules, is too contingent, and may be too easily defeated, especially within a month after the commencement of the suit, and especially by an alien defendant, resident a thousand miles off, for a court to infer or presume with any certainty that the cause "could be first tried" at that term.

Chief Justice Waite seems to me to announce the sound rule of decision on this subject, in Gurney v. Brunswick [Case No. 5,872], when he says: "A cause cannot be tried until in some form an issue has been made up for trial. . . . As soon as the issue is made up the cause is ready for trial. The parties and the court may not be ready, but the cause is. The first term, therefore, at which a case can be tried is the first term at which there is an issue for trial. An application for removal, to be in time, must

be made before or at this term." This language strikes me as eminently judicious. We must consider, not whether the court, or the parties, are ready for trial, but whether the cause itself is ready; and in considering that question, we must know whether the cause is at issue on the pleadings, and is ready for trial with legal certainty, and beyond legal contingency. There was no legal certainty of trial at the February term of the case at bar. The defendant had, by law, the right to appear, to plead to issue, and to show cause for continuance.

Judge Drummond, in Scott v. Clinton & S. R. Co. [Case No. 12,527], said in a similar case to the present: "But in this case, there was not only no issue when the application (for removal) was made, but there was no answer filed by the parties. It does not appear that there had been any such negligence by those who made the application (for removal), in this case, as to deprive them of the right which was clearly given by the act of congress of 1875. . . . Now, the cause cannot be heard until there is an issue; and in this case, therefore, it was not competent for the court to try the case, there being no issue before the court to try. And, therefore, I think that within the meaning of the law, a term had not elapsed during which the cause could have been heard. It is to be regretted, perhaps, that the language of the statute upon this subject is not more precise."

I think I am authorized by these two decisions to construe the language of the act of congress, "the term at which the cause could be first tried," to mean, the term at which the cause shall be first ready for trial on issues joined, and to hold that the mere fact that a cause is ready at a term for the ex parte execution of a writ of inquiry by the plaintiff after office judgment, is not equivalent to its being ready for trial on issued joined.

The case at bar was not at issue at the February term. Considering the distant residence of the alien defendant the court might well, if the plaintiff had gone on and executed his writ of inquiry, have set aside the verdict and awarded a continuance without compelling defendant to plead to issue at that term. But the plaintiff did not do so much as go on and execute his writ of inquiry. Under the provisions of section 46, there was no certainty that he could do so. Under the provisions of that section, even if he had done so, there was no certainty but that his verdict would have been set aside, and the cause continued until the next term, to await the appearance of the defendant, and the making up of the issues in the case for trial. I must, therefore, overrule the plaintiff's motion to remand on these grounds—1st. That the case was not ready for trial upon issues joined at the February term, 1878, of the corporation court of Norfolk. 2d. That there was no legal certainty

that it could have been so made ready by the action of the plaintiff if he had taken action for that purpose. 3d. That the plaintiff took no steps by executing his writ of inquiry to reduce to certainty what was uncertain. And 4th. That the corporation court of its own motion, "disposed of" the case by continuance to the next term, without exception by the plaintiff, apparently, because it was not then ready for trial.