WHEELER v. LIVERPOOL, LONDON & GLOBE INS. CO.

(Circuit Court, D. New Hampshire. June 6, 1881.)

1. PRACTICE—ACT OF 1875—CONSTRUCTION—REMOVAL—FIRST TERM.

A rule of the supreme court of New Hampshire provides that, unless 30 days before the beginning of the term the plaintiff has given to the defendant notice in writing to be prepared for trial, the defendant shall be entitled to a continuance at the first term, upon satisfying the court by affidavit that he has probable ground of defence, and that he intends, in good faith, to try the case. The plaintiff has a similar right.

In this cause the defendant has a defence, and intends, in good faith, to try it. He was not asked to file an affidavit, and filed none. It is not usual to require one. Neither party gave the notice of trial 30 days before the beginning of the term. The cause was continued at the first term. At the next term, the defendant asked to have the cause removed to this court,

and copies of the pleadings have been duly entered here. The plaintiff moves to remand the cause on the ground that the petition was filed too late. *Held,* that under the act of 1875, (18 St. 471, § 3,) requiring the petition to be filed before or at the term in which the cause could first be tried, the petition in this case was filed in time, as it was filed at the first regular trial term.

2. SAME.

It seems that if the notice were an ordinary one, or the setting down for trial of a cause which is ready, the decision would have been different.

LOWELL, C. J. This action at law was brought in the supreme court of New Hampshire, by a citizen of that state, against a foreign corporation, and was entered at the April term, 1880. At the next term, in October, a petition and bond were presented and filed by the defendant to remove the cause to this court, and copies of the pleadings have been duly entered here. The plaintiff moves to remand the cause, on the ground that the petition was filed too late, and an able judge of the state court so ruled. A conflict of opinion upon this subject would be very unfortunate, and I have given the case careful attention, not without the hope that I might agree with the ruling. The act of 1875 (18 St. 471, § 3,) requires the petition to be filed before or at the term at which the cause could first be tried. The question is whether the cause could have been tried at the April term of the supreme court. A rule of that court provides that the defendant shall be entitled to a continuance at the first term, upon satisfying the court by affidavit that he has probable ground of defence, and that he intends, in good faith, to try the case, unless the plaintiff has, 30 days before the beginning of the term, given to the defendant notice in writing to be prepared for trial.

The plaintiff has the right to a continuance at the first term unless the defendant has given him a similar notice. As the law requires service of process upon a natural person of only 14 days, and upon a corporation of only 28 days, defendants rarely have an opportunity to give such a notice, and, in practice, plaintiffs rarely give it, and contested cases are seldom tried at the first term. And I understand that the pleadings are not expected to be completed in time for trial at the first term, because 90 days are given for filing special pleas, and the trial term rarely lasts as long as that.

In this cause the defendant has a defence, and intends, in good faith, to try the cause. He was not asked to file an affidavit, and filed none. It is not usual to require one. Neither party gave the notice of trial 30 days before the beginning of the term. Neither party, therefore, could have insisted upon a trial at the first term, and the cause was silently continued as contested cases usually are.

Under these circumstances, what was the term of the supreme court of New Hampshire at which this cause could first have been tried? The decided cases may be thus stated: If, at any term, the cause is at issue upon its merits, or would have been at issue but for the negligence of the party petitioning for the removal, and by the law and practice of the state is presently triable, that is the latest term for removal, although the parties or the court may not be ready, and may have a perfectly valid excuse for not trying the case at that term, such as illness, absence of witnesses, a crowded docket, etc. See *Gurnee* v. *Brunswick,* 1 Hughes, 270, 277; *Stough* v. *Hatch,* 17 Blatchf. 233; *Forrest* v. *Keeler,* H. 432; *Fulton* v. *Golden,* 8 Rep. 517; *Ames* v. *Colorado Cent. R. Co.* 4 Dill. 260; *Atlee* v. *Potter,* H. 559; *Murray* v. *Holden,* 10 Rep. 162; *Blackwell* v. *Braun,* 1 FED. REP. 351.

On the other hand, if a case is not at issue without fault on the part of the petitioner for removal, or if, by the law and practice of the state, the second term is the trial term, then the petitition may be filed at the term at which the issues are made up, or at such trial term, as the case may be. *Scott* v. *Clinton R. Co.* 6 Bish. 529; *Warner* v. *Penn. R. Co.* 13 Blatchf. 231; *Hunter* v. *Royal Ins. Co.* 3 Hughes, 234; *McCullough* v. *Sterling Furniture Co.* 4 Dill. 563; *Palmer* v. *Call,* Id. 566; *Whitehouse* v. *Cent. Ins. Co.* 2 FED. REP. 498; *Van Allen* v. *Atchison, etc., R. Co.* 3 FED. REP. 545.

"If the local law makes the first term after the suit is brought an appearance term merely, and declares that the second term is the one at which the cause may be brought to trial, then the latter is the term at or before which the petition for removal must be filed." Per *McCreary,* J., in *Murray* v. *Holden,* 10 Rep. 162.

These decisions lean to the side of strictness, and in favor of the utmost diligence, and go very far in that direction. I do not agree that the absence of evidence might not be enough to prove that the case could not be tried at a certain term. For instance, it is usual in patent causes in equity, where the evidence is all taken in writing, to order the plaintiff to put in his case within a certain time, and the defendant to finish his case at a certain other time, and the plaintiff to take his rebutting testimony within a third time. It is impossible, in my judgment, to admit that such a case could be tried before the expiration of the latest of those periods. The decisions, therefore, must be taken to mean that, if the cause could, in ordinary course, be tried, but for what I have called an accident, or because the parties do not choose to try it, the time for removal has come. Can the first term fairly be called the trial term, in all contested causes in New

Hampshire, whether the notice of 30 days has been given or not? I answer this question in the negative. I consider the second term to be the regular trial term for such cases. This cause was not ready because the special notice was not given. If that notice was merely an ordinary notice, or setting down for trial of a cause which is ready, the answer would be different. The distinction is that this notice is an extraordinary one, intended to give the opposite party an opportunity, before the case is in court, to prepare for its trial, thus anticipating out of court a part of the time which is usually allowed for pleadings and preparation after the action is entered. If a cause is not in a situation to be tried at a given term excepting by consent of both parties, that is not the term at which it can be tried, unless that consent has been given. *Palmer* v. *Hall*, 4 Dill. 566, 569.

*Preston* v. *Travelers' Ins. Co.* 58 N. H. 76, upon the authority of which the ruling in the state court is said to have been made, decides, in accordance with several other cases which I have cited, that a case which is ready for trial at any time must be removed then and not afterwards, though the docket happens to be so full that it is not reached. The difference is that this case is not ready for trial, and neither party could have required the other to try it, however clear the docket may have been. It was not from an accidental or unusual delay or hindrance, but in regular course, that this cause was continued at the first term without trial.

Motion to remand denied.