DWIGHT and others *v.* CENTRAL VERMONT R. Co. and others.

*(Circuit Court, D. Vermont.* October Term, 1881.)

1. EQUITY PLEADING—PARTIES—DEMURRER.
   A demurrer to a bill in equity for want of the necessary parties must name the proper parties.
2. SAME—NEGATIVE PLEA.
   A negative plea must be supported by an answer to so much of the bill as is denied.
3. SAME—PARTIES—PLEA.
   A plea to a bill brought by certain stockholders in a railroad corporation which set out that there were, when the bill was brought and the plea filed, certain other stockholders, who are not joined in the bill as parties, who are citizens of certain states, naming them, whose names are known to and ascertainable by the orators, and not by the defendants, *held* to be insufficient, and overruled.
4. SAME—LEGAL PROCEEDINGS IN A STATE COURT—PLEA.
   A bill in equity was brought by certain stockholders in the Vermont & Canada Railroad Company, among others against the Central Vermont Railroad Company, in possession, to recover the possession of that road for the Vermont & Canada Railroad Company. The Central Vermont Railroad Company pleaded that it was in possession as a receiver of a state court, and set forth the proceedings upon which its possession took place. *Held,* that such rights must stand for trial according to the usual course. Plea overruled.
5. JURISDICTION—STATE AND FEDERAL COURTS.
   When the two suits are not brought upon the same facts, nor for the same relief, the pendency of a suit in a state court cannot be successfully pleaded to the further prosecution of a like suit between the same parties, or their representatives, in a federal court in the same district.

In Equity.

*Prout & Walker* and *E. J. Phelps,* for orators.

*Benjamin F. Fifield, Geo. F. Edmunds,* and *Daniel Roberts,* for defendants.

WHEELER, D. J. The orators, who are stockholders to a large amount in the Vermont & Canada Railroad Company, and citizens of New York, New Hampshire, and Rhode Island, bring this bill in behalf of themselves and all other stockholders having like interests with them, not citizens of Vermont, Massachusetts, or Maine, against the directors of that corporation, citizens of Massachusetts and Pennsylvania, alleging that they refuse to take legal measures to protect the rights of the orators, and against the Central Vermont Railroad Company, in possession, and the Vermont Central Railroad Company, lessee of, and the other defendants, security-holders, claim-

ing liens upon the Vermont & Canada Railroad, all citizens of Vermont, Massachusetts, and Maine, to recover the possession of that road for the Vermont & Canada Railroad Company.

The Central Vermont Railroad Company pleads that it is in possession as a receiver of the court of chancery of Franklin county, and of the state of Vermont, and the proceedings upon which its possession took place are set forth.

John Gregory Smith pleads that security-holders, of the same class as those made defendants, have brought proceedings in behalf of themselves, and all others like security-holders, against the Vermont & Canada Railroad Company, in the same court of chancery, to establish and enforce their security upon this road, in which a decision favorable to the validity of their lien has been made by the supreme court of the state, and which are now pending in the court of chancery to ascertain the amounts of, and facts concerning, the different classes of securities; and these proceedings are set forth.

Worthington C. Smith pleads that the Vermont & Canada Railroad Company brought a suit like this, and for the same relief, in the same court of chancery, and through its directors, by preconcert with the orators, discontinued the same that this suit might be brought to evade the proper jurisdiction of the state court, and confer a seeming, but unreal, jurisdiction upon this court, in pursuance of which this suit was brought; and denying that the directors have violated their duty, committed any breach of trust, or done otherwise than as requested by the orators.

Jed P. Clark pleads that the orators did not, before bringing this bill, in good faith request the directors to take legal measures to protect their rights, but that by the planning, suggestion, and request of the directors, and concert and arrangement made between them and the orators for the sake of escaping from the jurisdiction of the state court, to which the jurisdiction of right belonged, and to confer upon this court a seeming jurisdiction not real or of right, a simulated and unreal pretence of request and refusal were made, and that this suit is prosecuted by the Vermont & Canada Railroad Company, in the name of the orators, for the common benefit of them all, and denying that there has been any such refusal by the directors as amounts in legal effect to a breach of trust.

The Vermont Central Railroad Company sets out by plea that there were when this bill was brought, and are now, divers and sundry stockholders of the Vermont & Canada Railroad Company,

citizens of Vermont, Massachusetts, and Maine, whose names are known to and ascertainable by the orators, and not by the defendant, and demurs to the bill for want of the necessary parties.

None of these pleas is supported by answer. All of them, and the demurrer, have been argued. They may properly be considered in the inverse order of their statement.

The last one, that of the Vermont Central Railroad Company, is not in the proper form and sufficient, even if the fact that there were stockholders, citizens of Vermont, Massachusetts, or Maine, not invited to take part in the prosecution of the suit, would defeat it. In such cases the defendant should, at law, give the plaintiff a better writ, by setting out the name and identifying the party whose existence is alleged to create a fatal non-joinder, so that the plaintiff may traverse the allegation and form a definite issue to be tried, or discontinue and bring a new suit, joining the proper parties, upon the information given. The rules of pleading are the same in equity as at law, unless the reasons of them are varied by the different methods of procedure. There is no reason growing out of the proceedings in equity for varying this rule. The orators have the right to have the names of the stockholders, if there are any in those states whose existence would defeat the suit, set forth, so that they could traverse the existence of the persons or the fact of their being stockholders. They could not do that upon these allegations. There is no person named whom they may say is not a stockholder, or about whom they may say there is no such person. A traverse of the plea in its terms would put in issue what the orators know that the defendants do not know about the stockholders in those states. It would be quite singular if a suit should be abated at the instance of defendants on account of the supposed existence of persons whom they cannot name or identify. The want of such persons as parties is not likely to harm them. *Hotel Co.* v. *Wade,* 97 U. S. 13.

The pleas of Clark and Worthington C. Smith are to the same effect, and so nearly alike that they may well be considered together. They have been spoken of in argument as pleas to the jurisdiction of the court, or to the ability of the orators to bring suit, or as pleas in abatement otherwise; but, correctly speaking, they are not either. The orators and defendants are alleged in the bill to be citizens of different states. This fact gives the court jurisdiction of the controversy between them, and enables the orators to bring the suit, and to maintain it if they can establish their case. The refusal of the

directors is a part of their case which they must establish, and not a fact on which the jurisdiction of the court, or their ability to sue, at all depends. If they can establish the fact of refusal, together with the other facts necessary to make out a case for the relief asked, then they have a case on which they can rest; otherwise, not. They have the right to a full answer and discovery from the defendants as to their whole case, this part as well as the rest, unless there is some outside fact which would show that they have no right to maintain the suit at all; or some single fact on which the whole case depends is objected to by plea, and full answer and discovery are made to that part of the case. Pure and proper pleas in equity were such as set up some fact outside of the bill which would show that the bill should not be answered at all. These pleas required no answer to support them, for they would not be included in that which the party was called upon to answer. Anomalous pleas, denying a single part of the case, may, by the bill on which the whole case depended, come to be allowed, for convenience, to save trying the whole case, when the failure of that part would be fatal, and for safety against enforced discovery in a suit by those not in any manner entitled to the discovery; but, as the ground of the plea would be included in what the defendant was called upon to answer, he could not avoid the right to have at least that part answered by merely pleading to it. He must answer that, although the plea raising the objection and the answer supporting it might show that no answer to the rest of the case ought to be required. If this plea should be allowed, the orators would be deprived of the discovery on oath to which they are entitled, as to this part of the case, as evidence upon the traverse of the plea, if they should traverse it, as they would have a right to do. This would be contrary to sound principles and to authority. Story, Eq. Pl. § 372 *et seq.* These views are not contrary to the decision in *Memphis* v. *Dean,* 8 Wall. 64, cited and much relied upon in behalf of the defendants. There was an answer by the party pleading, as well as the plea, denying refusal of the directors to prosecute, and the cause appears to have been decided in both courts in chief, and not upon the plea alone.

The plea of John Gregory Smith depends solely upon the effect of the pendency of the suit in the state court of chancery in favor of himself and other security-holders, of which James R. Langdon is the foremost plaintiff in the title to the suit against the Vermont & Canada Railroad Company, through whose rights the orators here

make claim. Doubts have been entertained by this court and some others as to whether the pendency of a suit in a state or federal court in the same district might not be successfully pleaded to the further prosecution of a like suit in the other court, and this court inclined to the opinion that it could be. *Mercantile Trust Co.* v. *Lamoille Valley R. Co.* 16 Blatchf. 324; *Andrews* v. *Smith,* 5 Fed. Rep. 833. But it now seems to be well settled that it cannot be. *Gordon* v. *Gilfoil,* 99 U. S. 168; *Latham* v. *Chafee,* 7 Fed. Rep. 520. If this were not so it has always been held that, in order to have the mere pendency of one suit defeat another, the suits must be between the same parties, or their representatives, upon the same facts, and for the same relief. *Watson* v. *Jones,* 13 Wall. 679. A very slight examination and comparison of the two cases will show that they are not brought upon the same facts nor for the same relief. The plea is pleaded to the whole bill. According to both bills the Central Vermont Railroad Company is in possession of the road. In that case it is an orator as a security-holder seeking to hold the road as security for its pay. This particular defendant is a defendant there admitting the right of the Central Vermont Railroad Company. That is essentially a bill of foreclosure by security-holders in possession. The decree would ordinarily be that those interested must pay or be foreclosed of all right to redeem. The decree could go no further than to cut off their right if they should not redeem. If they should redeem, the possession would remain to be maintained by any other right which the possessor might have or claim to have, so far as it would prevail. Another suit would be necessary to determine the rights of the Vermont & Canada Railroad Company and its stockholders as to everything but the foreclosure. In this suit the right to the road is attempted to be maintained outside of the right to redeem. If this plea should prevail there would be no suit left in which that right could be tried.

The plea of the Central Vermont Railroad Company raises the most important questions of any of these pleas, and has received such careful consideration as its importance has seemed to demand. The bill alleges that this defendant is in possession of the road without right, and against the right of the Vermont & Canada Railroad Company and of the orators. This plea asserts that it was placed in possession by the court of chancery of Franklin county to run, operate, and manage the road under the decree and orders theretofore made, and under the direction of the court, so long as it should

continue to act as such receiver and manager, and denies that it is in possession without right, and that it ought to be compelled to surrender its possession to the Vermont & Canada Railroad Company, and prays judgment whether it ought to answer further. The proceedings upon which it was placed in possession show that certain persons were, in regular course, made receivers of this road, with other railroad property, to operate the roads, and out of the income to pay the rent to the Vermont & Canada Railroad Company; that pursuant to an agreement between the parties, according to its terms embodied in a decree, the then receivers continued to operate the roads according to the provisions of the agreement and decree, by which they were to operate them and apply the income to the payment of the rent; then to the payment of the first-mortgage bonds of the Vermont Central Railroad; then to the second-mortgage bonds of the Vermont Central Railroad; and then to pay it to the Vermont Central Railroad Company; and that upon the joint petition of those receivers and their successors, and the Central Vermont Railroad Company, a decree was made by which the Central Vermont Railroad Company was placed in possession in their stead.

The orators claim that the prior possessors had lost their right to this road through their non-payment of rent, and that the transfer to the Central Vermont Railroad Company was merely a transfer by one to the other, although sanctioned by the court, and that the transferee took no greater or different rights than the transferors had. The defendants claim that the transfer was ordered by the court; that the rights of the Central Vermont Railroad Company, under the transfer, cannot be inquired into anywhere except in that court; and that they are valid everywhere else against all claimants. The right of the orators, denied by the plea, is the same which they set up and seek to enforce by their bill, and which they claim to have tried and determined upon the answer of the defendants in the usual course. As stated before, the parties are citizens of different states, and this is a suit in which there is a controversy between them, and which those bringing it have the right to have determined in this court, unless there is some unusual reason for turning them out of court.

As said by Mr. Justice Campbell in *Hyde* v. *Stone,* 20 How. 170: "But the courts of the United States are bound to proceed to judgment, and to afford redress to suitors before them, in every case to which their jurisdiction extends. They cannot abdicate their authority or duty in any case in favor of another jurisdiction." This is

not a mere matter of abatement; it goes to the right, and none the less because the right of the defendant may rest upon an order of the court. The order of court, whatever its effect is, may be discharged before any decision is reached, and, if it should be, the rights of the parties otherwise would still remain to be determined. If it should not be, but should remain in force, whatever right it should give to any party, or whatever immunity from interference it should afford, could be maintained and upheld. If that should be the defendant's title, and it should be found to be good, it would prevail. There would be no conflict between courts, for all rights acquired through the state court, and all protection furnished by the authority of that court, would be respected. There is no sound reason apparent why these rights may not stand for trial according to the usual course, the same as rights acquired by contract, or in any other mode. On principle this seems to be the proper course. And there is not any case shown by counsel, or which has been seen by the court, among the many wherein rights acquired under legal proceedings have come up for adjudication, in which the decision has been made otherwise than in chief.

In *Hagan* v. *Lucas*, 10 Pet. 400, where the title of a sheriff to property seized by him and receipted was upheld against a marshal of the United States, who seized it subsequently, the trial was upon the merits of these respective rights. So in *Brown* v. *Clarke*, 4 How. 4, and in *Pulliam* v. *Osborne*, 17 How. 471. And in *Taylor* v. *Carryl*, 20 How. 583, where the question was as to the right of a state seizure, as against proceedings in admiralty, the trial was not upon any plea denying the right to interfere, but was upon the title acquired through the proceedings.

In *Freeman* v. *Howe*, 24 How. 450, the right of a mortgagee to personal property taken by the marshal, on process against the mortgagor, was tried on replevin in chief. So similar rights were tried in an action of trespass in *Buck* v. *Colbath*, 3 Wall. 334. And in *Wiswell* v. *Sampson*, 14 How. 52, the right acquired by the levy of a marshal upon property in possession of a receiver was tried upon ejectment on the merits.

In *Pond* v. *Vermont Valley R. Co.* 12 Blatchf. 292, the question of this same receivership was raised, but not until after the decision reported, and upon the hearing before Circuit Judge Johnson on answers and proofs, and it was disposed of as not affecting the rights of the parties to the property involved, nor the jurisdiction of the court over the case.

Attention has been particularly called to the provisions of section 5 of the act of March 3, 1875, to determine the jurisdiction of the circuit courts, etc.; 18 St. at Large, 470, (Supt. Rev. St. 175,) enacting:

"That if, in any suit commenced in a circuit court, or removed from a state court to a circuit court of the United States, it shall appear to the satisfaction of said circuit court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this act, the said circuit court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require, and shall make such order as to costs as shall be just," etc.

Speaking of this section, *Johnson, J.*, in *Warner* v. *Pennsylvania R. Co.* 13 Blatchf. 231, said: "All that is necessary to bring the case really and substantially within the jurisdiction is, that it involves a controversy of the character, either as to the subject-matter or the parties, specified in either the section which defines the jurisdiction by original suit, or that which authorizes removal, and the acquisition of jurisdiction in that manner." As before stated and shown, the parties to this suit are citizens of different states, and the suit is one of which this court has jurisdiction for that reason, if the orators can make out the case presented by their bill, including the refusal of the directors to prosecute as a part of their case; if they cannot they have no case. That part of their case, as also before shown, has not been denied in the necessary manner by answer to be effective to defeat the case upon that point, and there is no evidence before the court, upon that or any other point, to make it appear at all that parties have been either improperly or collusively made or joined for the purpose of creating a case within the jurisdiction. There is nothing before the court now on which the court is authorized to act under the provisions of that section.

The pleas and demurrer are overruled; the defendants to answer over by the first day of next term.